UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAKSHMI ARUNACHALAM,

    Plaintiff,

v.

GEORGE PAZUNIAK, et al.,

    Defendants.

Case No. 14-cv-05051-JST

**ORDER GRANTING MOTION TO TRANSFER**

Re: ECF Nos. 31, 37, 81,

Currently before the Court are three motions filed by Defendant George Pazuniak: a motion to dismiss, ECF No. 31, motion to transfer, ECF No. 37, and a motion for sanctions. ECF No. 81. Defendant O'Kelly, Ernst, and Bielli, LLC ("O'Kelly") has filed a motion to dismiss for lack of jurisdiction. ECF No. 75.[1] The Court previously vacated the hearing on these motions and now grants the motion to transfer this case to the District of Delaware.

**I.    BACKGROUND**

    **A.    Factual Background**

Plaintiff Lakshmi Arunachalam, a California resident, is the "the sole inventor/owner of early Internet patents" relating to "real-time Web transactions from Web applications." Complaint, ECF No. 13 at ¶ 12.

Defendant George Pazuniak is "an attorney licensed to practice law in Delaware with an office in Wilmington, DE." Id. at ¶ 3. Defendant O'Kelly is "a law firm duly organized and existing under the laws of the State of Delaware with its principle place of business in the City of Wilmington, Delaware and also in Philadelphia, PA." Id. at ¶ 4. Plaintiff hired Defendant Pazuniak to litigate a series of patent cases from 2011 through 2013 "based upon his

---

[1] Defendant O'Kelly first filed a motion to dismiss at ECF No. 46, then subsequently filed an amended motion to dismiss at ECF No. 75.

representation that he is a patent litigator and would provide competent counsel to competently conduct her patent cases." Id. at ¶ 13. Plaintiff alleges that Pazuniak "joined the O'Kelly Law Firm during the course of [Plaintiff's] patent litigation, and Pazuniak and O'Kelly Law became the Plaintiff attorneys in [Plaintiff's] patent cases." Id. at ¶ 13.[2]

With the assistance of Defendants in the instant action, Plaintiff sued a number of corporations for patent infringement in the District of Delaware in 2013 and 2014. Id. at ¶ 19. Plaintiff's claims in this action all arise out of Defendants' representation of Plaintiff in the proceeding in the patent infringement proceedings in the District of Delaware. During the course of this representation, Plaintiff alleges that Defendant Pazuniak disregarded her instructions, missed deadlines, and failed to provide diligent representation. Id. at ¶ 25. Plaintiff also alleges that Pazuniak was verbally abusive to her. Id. at ¶ 62.

None of the Defendants are alleged to have represented Plaintiff in any matter in the state of California.

**B.      Jurisdiction**

This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Diversity exists, as Plaintiff is a resident of California, while Defendant O'Kelly and Defendant Pazuniak are both residents of Delaware. Plaintiff has alleged that an amount in controversy in excess of $75,000. ECF No. 13 at ¶ 90.[3]

Defendant O'Kelly has filed a motion to dismiss for lack of subject matter jurisdiction. ECF No. 75.[4] O'Kelly asserts that Plaintiff does not have standing to prosecute the action, as the

---

[2] O'Kelly claims that it has never represented Plaintiff in any capacity. ECF No. 75 at 2. O'Kelly acknowledges that Pazuniak filed pleadings in Plaintiff's cases that bore the O'Kelly firm's signature block, but argues that O'Kelly did not authorize Pazuniak to use this signature block in this litigation. Id. at 3. Regardless of O'Kelly's contentions, for the purpose of resolving these motions, the Court accepts Plaintiff's allegations as true.

[3] The Court resolves the threshold issue of its own subject matter jurisdiction accepting all Plaintiff's allegations as true. Nothing contained in this order is intended to bar the District of Delaware from conducting a further inquiry into the issue of subject matter jurisdiction at a later stage of the litigation should it determine that Plaintiff's alleged amount in controversy lacks factual support.

[4] As discussed *infra* Section II.B.ii, O'Kelly has also moved to dismiss the complaint for lack of personal jurisdiction. ECF No. 75.

1    patents at issue belonged to corporate entities at the time of the underlying litigation. Because
2    Plaintiff is not an attorney, O'Kelly argues that she also may not bring claims on behalf of those
3    corporations. Id. at 4 (citing Rowland v. California Men's Colony, Unit II Men's Advisory
4    Council (1993) 506 U.S. 194, 201-202). Plaintiff contends that this allegation is not true and that
5    she was in fact the "assignee of and owned the majority of the patents" at the time the underlying
6    patent infringement actions were brought. ECF No. 78 at 7. Defendant O'Kelly asks the Court to
7    take judicial notice of certain court documents in order to conclude that Plaintiff did not in fact
8    own any of the patents at the time of any of the underlying litigation. ECF No. 75-2. But, in
9    support of this claim, Defendant O'Kelly provides the United States Patent and Trademark
10   Database entry for one patent and the docket in one patent infringement action litigated by Pi-Net
11   in the District of Delaware. ECF Nos. 75-4 and 75-6. Plaintiff has alleged she was the "sole
12   inventor/owner" of 11 patents, ECF No. 13 at ¶ 12, and that she hired Pazuniak "for her patent
13   cases against many infringers in 2011, 2012, and 2013." Id. at ¶ 13. Even if the Court were to
14   take judicial notice of Defendant O'Kelly's documents, they would not conclusively establish that,
15   contrary to Plaintiff's pleading, Defendants did not represent Plaintiff in *any* patent infringement
16   actions brought on behalf of patents owned by Plaintiff.
17        Because Plaintiff has pled that Defendants litigated patent infringement actions on her
18   behalf, ECF No. 13 at ¶ 12, and Defendant O'Kelly has not conclusively established that all of the
19   underlying litigation was on behalf of a corporate entity rather than Plaintiff personally, the Court
20   denies Defendant O'Kelly's motion to dismiss for lack of subject matter jurisdiction.
21   **II.   MOTION TO TRANSFER**
22        **A.   Legal Standard**
23        "For the convenience of parties and witnesses, in the interest of justice, a district court may
24   transfer any civil action to any other district or division where it might have been brought." 28
25   U.S.C. § 1404(a). The purpose of § 1404(a) is to "prevent the waste of time, energy and money
26   and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."
27   Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quotation omitted). It places "discretion in the
28   district court to adjudicate motions for transfer according to an 'individualized, case-by-case

1   consideration of convenience and fairness.'" Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988)
2   (quoting Van Dusen, 376 U.S. at 622).
3         Courts considering transfer must engage in a two-step analysis.  First, courts determine
4   whether the action could have been brought in the target district.  Hoffman v. Blaski, 363 U.S.
5   335, 344 (1960).  Second, courts undertake an "individualized, case-by-case consideration of
6   convenience and fairness."  Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting
7   Van Dussen, 376 U.S. at 622).  Factors the Court should consider in analyzing the interests of
8   justice include: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of
9   the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable
10  law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and
11  (8) the relative court congestion and time of trial in each forum."  Williams v. Bowman, 157 F.
12  Supp. 2d 1103, 1106 (N.D. Cal. 2001).  The moving party bears the burden of establishing the
13  factors in favor of transfer.  Id.

**B.     Analysis**

Defendant Pazuniak argues that the Court should transfer the instant action to the District of Delaware, as the underlying facts concern multiple patent infringement lawsuits filed in that District.  ECF No. 37 at 3.

      **1.     Venue in the Target District**

First, the Court must establish whether the action could have been brought in the District in which Defendant seeks to transfer the litigation.  The Court concludes that underlying claims could have been brought in the District of Delaware.  Section 1391(b)(1) provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located."  28 U.S.C. § 1391(b)(1).  Pazuniak and O'Kelly both reside in Delaware.  Under Section 1391(b)(2), a civil action may also be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  28 U.S.C. § 1391(b)(2).  Defendants' legal representation of Plaintiff in the underlying patent infringement litigations, which forms the basis for the claims in this action, occurred in the District of Delaware.

1  Therefore, this action could have been brought in the District of Delaware.

### 2. Transfer in the Interests of Justice

Next, the Court considers whether transfer is "in the interests of justice." 28 U.S.C. § 1404(a). Plaintiff argues that she has an overwhelming interest in adjudicating the action in the Northern District of California and that litigating in the District of Delaware would present a "grave inconvenience." ECF No. 52-1 at 1. The Court acknowledges that it must begin its transfer inquiry with a "strong presumption in favor of the plaintiff's choice of forum." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981). Nonetheless, this presumption "may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." Id. The Court concludes that, despite Plaintiff's desire to litigate in the Northern District of California, the private and public interest factors weigh overwhelmingly in favor of transfer in this case.

In legal malpractice actions arising out of litigation in a particular forum, several of the factors that courts typically apply when analyzing transfer motions under Section 1404 support transfer to the District where the underlying litigation occurred. The state in which an attorney is barred has a strong public interest in adjudicating claims that the attorney has committed malpractice in the courts of that state. See, e.g. Vener v. Swartz, No. C 04-1402 SI, 2004 WL 1949512, at *1 (N.D. Cal. Aug. 27, 2004) (concluding that "a Florida court does have a greater interest than this Court in reviewing the conduct of a Florida-licensed attorney."); Johnson v. Nextel Commc'ns, Inc., No. CIV.A. 06-CV-5547DMC, 2007 WL 2814649, at *5 (D.N.J. Sept. 21, 2007) ("States have an interest in regulating attorneys who practice within their borders."). As neither Defendant in the instant case is a member of the bar of the State of California, California has little interest in adjudicating their alleged malpractice. Id. (stating that "the burden of jury duty should not be imposed upon the people of a community that has no relation to the litigation.")

The "familiarity of each forum with the applicable law" also tends to weigh in favor of transfer to the District where the underlying litigation was conducted, as generally, "the governing law will be tied to the situs of the cases where Defendants represented Plaintiff." San Francisco Residence Club, Inc. v. Leader Bulso & Nolan, PLC, No. C-13-0844 EMC, 2013 WL 2050884, at

*9 (N.D. Cal. May 14, 2013).  This is true here, as Plaintiff's complaint raises exclusively state law claims and in evaluating Plaintiff's claims for negligence, malpractice, and breach of contract, the factfinder will be asked to apply Delaware legal standards.  For instance, under Delaware law, legal malpractice claims are tethered to "the standard of skill and care ordinarily employed in the relevant community."  Brett v. Berkowitz, 706 A.2d 509, 517-18 (Del. 1998).  Plaintiff herself acknowledges that some Delaware law will bear upon the resolution of this litigation.  For instance, in response to Defendant Pazuniak's motion to transfer, Plaintiff argues that the "contingency fee agreement" in this case is "voidable because it was procured as a result of Defendants' conduct violating the laws of the state of Delaware; Delaware Disciplinary Rules of State Bar of Delaware; and Delaware Disciplinary Rules of Professional Conduct regarding barratry [sic] by attorneys or other persons, DR 1.5(c)."  ECF No. 47 at 1.

Indeed, Delaware courts have already begun to grapple with some of the contentions raised by Plaintiff in this litigation, suggesting there is some "feasibility of consolidation of other claims."  Pazuniak notes that Plaintiff has challenged the Markman and Summary Judgment order in Pi-Net International Inc. v. JPMorgan Chase & Co., Case No. 1:12-cv-00282-SLR, by filing a Federal Rule of Civil Procedure 60(b) motion in the District of Delaware arguing that the order was "procured through judge bias and fraud on the Court."  Id. at 3 (citing ECF No. 32). According to Pazuniak, Plaintiff's 60(b) motion "relied on the same allegations" Plaintiff now brings in this action -- specifically, that Pazuniak did not follow Plaintiff's instructions during the prosecution of the patent infringement actions.  The Supreme Court has "made quite clear that to permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."  Ferens v. John Deere Co., 494 U.S. 516, 531 (1990) (internal quotations and citations omitted).  Transfer has the potential to enable this action to be consolidated before the same judge as other litigation involving the same claims.[5]

---

[5] Plaintiff charges that "Delaware District court judges are tainted from financial and relationship conflicts of interests, due to their financial holdings in litigants in [Plaintiff's] patent cases and 60(d)(3) motions are pending in that Court. Delaware District Court is unable to provide an

Doubts about this Court's personal jurisdiction over Defendants also weigh in favor of transfer to the District of Delaware, where personal jurisdiction is not contested. Defendant O'Kelly has moved to dismiss for lack of personal jurisdiction in the State of California. ECF No. 75. O'Kelly argues that this Court does not possess specific jurisdiction over O'Kelly because Plaintiff's claims are based on the premise "that O'Kelly and Mr. Pazuniak, as an employee or owner of O'Kelly, committed legal malpractice while purportedly litigating the patent infringement actions on Pi-Net's behalf in the State of Delaware." ECF No. 75 at 10. O'Kelly also argues that general jurisdiction does not exist in California, as O'Kelly does not have offices located within California or any employees who reside in the state. Id. at 12 (citing Ernst Decl. ¶ 2). Because the crux of O'Kelly's personal jurisdiction argument hinges on O'Kelly's lack of connection to the state of California, a transfer of this case to the District of Delaware, where O'Kelly is based, would render that argument moot. See Cadenasso v. Metro. Life Ins. Co., No. 13-CV-05491-JST, 2014 WL 1510853, at *11 (N.D. Cal. Apr. 15, 2014). Although Plaintiff has made some argument that personal jurisdiction over O'Kelly is proper in California, given O'Kelly's contacts with a number of California residents, the public interest is "served when a case is transferred from a forum where there is a difficult question of personal jurisdiction to a district in which personal jurisdiction is clearly established." Spherion Corp. v. Cincinnati Fin. Corp., 183 F. Supp. 2d 1052, 1059 (N.D. Ill. 2002).

The Court notes the remaining factors are largely neutral between the Northern District of California and the District of Delaware. Both Plaintiff and Defendant Pazuniak claim the majority of witnesses reside in their preferred forum without further explication as to who these witnesses are and why they are crucial to the litigation. Both parties also argue that their preferred District boasts a greater ease of access to the relevant evidence. Finally, neither party has provided evidence on the relative court congestion of either forum. Accordingly, these factors do not favor

---

impartial tribunal." ECF No. 52-1 at 7. Plaintiff has not substantiated these allegations. The Court notes that Plaintiff also filed several meritless motions to disqualify the undersigned in this action based on groundless allegations of financial conflicts of interest. ECF Nos. 42, 57, 83. Therefore, the Court gives this contention no weight.

7

either party.

Weighing the private and public interest factors, the Court concludes this action clearly belongs in the District of Delaware. The Court acknowledges Plaintiff is a resident of California and has stated her preference that this action remain in this District. Nonetheless, Plaintiff has brought numerous actions in the District of Delaware in the past, including the actions that form the basis for her instant claims. Delaware's interest in the conduct of attorneys licensed in that state, the presumptive application of Delaware law to all the claims, the pendency of several related actions in the District of Delaware, and serious doubts about this Court's ability to exercise personal jurisdiction over Defendant O'Kelly all militate in favor of transferring this action.

## CONCLUSION

The Court grants Defendant Pazuniak's motion to transfer the case to the District of Delaware. The Court denies Defendant O'Kelly's motion to dismiss for lack of personal jurisdiction as moot. The Court terminates Plaintiff's motions for leave to file sur-replies, ECF Nos. 66 and 67, and Plaintiff's motion for certificate of appealability, ECF No. 86, as moot.

IT IS SO ORDERED.

Dated: March 17, 2015

_____
JON S. TIGAR
United States District Judge